IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 6:10-cv-00340-DLR |
| | ) | |
| RONALD H. SATHER, | ) | |
| BARBARA SATHER, | ) | |
| BANK OF OKLAHOMA, | ) | |
| | ) | |
| Defendants. | ) | |

**MODIFIED ORDER OF SALE**

This Court entered a final judgment in this action on September 7, 2011, ordering that the federal tax liens and restitution lien be foreclosed. The Court issued an Order of Sale on January 13, 2012 (Doc. No. 91). The United States moved to modify that Order (Doc. No. 92) to allow occupants of the properties at issue until May 1, 2012 to vacate. The Court hereby GRANTS that motion and modifies the Order of Sale to allow the occupants of the properties until May 1, 2012 to vacate the properties. The original Order of Sale remains the same in all other respects.

Accordingly, the Court now ORDERS that the real properties described below ("Properties")

> Property located at 506 Lark Drive, McAlester, Oklahoma 74501 and legally described as: Lot 3 in Block 10, Mockingbird Hill Addition to the City of McAlester, according to the subdivision plat thereof in Book 16, Folio No 107 Pittsburg County, Oklahoma.
>
> Property located at 210 West Carl Albert Parkway, McAlester, Oklahoma 74501 and legally described as: Lot Three (3) and Lot Eleven (11) of Block Three hundred Fifty-two (352) of the City of McAlester, formerly South McAlester, County of Pittsburg and State of Oklahoma.
>
> Property located at 1803 S. 9th Street, McAlester, OK 74501 and legally described as: The South 80 feet of the North 185 feet of the East 185 feet of the Southeast Quarter of the Southeast Quarter of the SE1/4 SE1/4 NW1/4 of Section 18,

Township Five 5 North, Range 15 East of the Indian Base and Meridian, Pittsburg County, State of Oklahoma.

Property located at 314 W. Washington, McAlester, Oklahoma 74501 and legally described as: the Westerly Fifty feet (50') of the Easterly One Hundred feet (100') of Lot Two (2), in Block Three Hundred Fifteen (315), in the City of McAlester formerly South McAlester, in Pittsburg County and State of Oklahoma.

Property located at 215 W. Choctaw Ave., McAlester, Oklahoma 74501 and legally described as: Lot 11 Blk 352 So. McAlester & the N 20' of the Vac Alley Lying Adj. Thereto

be sold under title 28, United States Code, §§ 2001 and 2002, to satisfy the federal tax liens and restitution lien, as follows:

1. The Internal Revenue Service ("IRS") Property Appraisal and Liquidation Specialists ("PALS"), is authorized to offer for public sale and to sell the Property.

2. The terms and conditions of the sale are as follows:

    a. The sale of the Property shall be free and clear of the interests of Ronald and Barbara Sather and all parties in the suit.

    b. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    c. The sale shall be held either at the courthouse of the county or city in which the Property is located or on the Property's premises;

    d. The PALS shall announce the date and time for sale;

    e. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Worcester County, and, at the

discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

f. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this Court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid.

g. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of Oklahoma, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

h. The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Eastern District of Oklahoma shall be given to PALS who will deposit the funds with the clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the

expenses of the sale, with any amount remaining to be applied to the liabilities of Ronald Sather at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder.

i. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's interest bearing registry account and hold it until distribution is directed pursuant to further Order of this Court.

j. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the Internal Revenue Service shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished.

k.  When this Court confirms the sale, the Recording Official of Pittsburg County, Oklahoma shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

l. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001, and is made without right of redemption.

3. Until the Property is sold, Ronald and Barbara Sather shall take all reasonable

steps necessary to preserve the Property (including all buildings, improvements, fixtures and appurtenances on the property) in its current condition including, without limitation, maintaining a fire and casualty insurance policy on the Property. They shall neither commit waste against the Property nor cause or permit anyone else to do so. They shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. The defendants shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall they cause or permit anyone else to do so.

4. All persons occupying the Property shall vacate the Property permanently by May 1, 2012, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Property). If any person fails or refuses to vacate the Property by the date specified in this Order, the PALS are authorized to coordinate with the United States Marshal to take all actions that are reasonably necessary to have those persons ejected. Any personal property remaining on the Property after May 1, 2012 is deemed forfeited and abandoned, and the PALS are authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expenses of sale and the balance to be paid into the Court for further distribution. Checks for the purchase of the personal property shall be made out to the Clerk of the Clerk for the Eastern District of Oklahoma and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further Order of this Court.

5. No later than two business days after vacating the Property pursuant to the

deadline set forth in paragraph 4 above, Ronald Sather shall notify counsel for the United States of a forwarding address where he can be reached. Notification shall be made by contacting the paralegal for the United States, Marion Goyette, at (202) 514-6674.

6. Pursuant to the Judgment in this case, the United States has an interest of $723,733.80, plus lien costs and statutory interest and additions accruing on that amount. Any other defendant wishing to claim an interest in the sale proceeds must submit to the Court evidence of its claim, the amount, and the priority of its claim within 45 days from the entry of this Order.

7. Pending the sale of the Property and until the deed to the Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Property.

8. After the Court confirms the sale, the sale proceeds are to be paid to the Clerk of this Court and applied to the following items, in the order specified:

    a. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court.

    b. Second, to any real property taxes due and owing, to the extent not paid by the mortgage holder, with interest calculated to the estimated date of the confirmation of sale;

    c. Third, one half of the balance to defendant Barbara Sather for her one-half interest in the real properties;

d. Fourth, to the United States of America for application to the balance of the $133,764.60 restitution ordered by the Court on 11/9/99 in *United States v. Ronald Sather*, Case No. 99-cr-00029-001 (E.D. Okla.) against the Ronald Sather, plus all accrued statutory penalties, additions, and interest, until fully paid,

e. Fifth, to the United States of America for application to the balance of Ronald Sather's federal income tax liabilities of $316,949.98 for 1992 - 1999 as reflected in the Notice of Federal Tax Lien filed in Pittsburg County on October 9, 2001, plus all accrued statutory penalties, additions, and interest, until fully paid;[1]

f. Sixth, to The Bank of Oklahoma, N.A. for application toward the unpaid balance of the $38,430.74 judgment entered against Ronald Sather on May 3, 2004 in *The Bank of Oklahoma v. Ronald H. Sather*, Case No. CJ-2003-7736 in the District Court of Tulsa County on May 3, 2004; and

g. Seventh, all remaining proceeds to the United States for application to the remaining balance of the judgment, after application of the proceeds to the underlying tax liabilities as described in paragraphs 8(d) and 8(e), of $723,733.78 entered in favor of the United States against Ronald H. Sather, plus all accrued statutory penalties, additions, and interest, until fully paid.

---

[1] This amount does not reflect statutory penalties, additions, and interest since the Notice of Federal Tax Lien was filed. It also subtracts the $239.61 assessment made on June 22, 1998. The United States released its Notice of Federal Tax Lien for that amount.

IT IS SO ORDERED THIS 7th day of February, 2012.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE